UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Mark Montenero and Arlene Montenero,

    Plaintiffs,

v.                                      Case No.:  2:24-cv-973-SPC-KCD

Marriot Hotel Services, LLC,

    Defendant.
_____/

## REPORT & RECOMMENDATION

This matter comes before the Court on review of the file. Mark and Arlene Montenero sue Marriot Hotel Services, LLC for negligence and loss of consortium arising from the former's fall at the JW Marriott Marco Island Beach Resort. (*See* Doc. 7.)[1] The case was initially filed in New Jersey because that was the most convenient forum for the Monteneros. (Doc. 7 ¶ 2-3; *see also* Doc. 18 at 3-4.) But their convenience was not enough to establish venue in that state, and the case was transferred here. (Doc. 18.)

Since then, the Monteneros and their attorney—James Richard Korn—appear to have abandoned the case. For instance, Mr. Korn did not help Defendant draft the uniform case management report required under the local

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

rules. (Doc. 33 at 1.) He then ignored this Court's order, which directed him to explain why he had not conferred with opposing counsel on a draft. (Doc. 35.) That's not all. Mr. Korn also failed to appear at the Rule 16(b) conference on January 6, 2025. As best the Court can tell, Mr. Korn's lack of engagement stems from the Monteneros' indecision. (*See generally* Doc. 33-1.) The case was transferred here in October. (*See* Doc. 18.) Yet the Monteneros have not decided whether they would like Mr. Korn—who is not licensed to practice in this state—to appear *pro hac vice* or withdraw.

Enough is enough. The Court has "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). The Monteneros have not diligently prosecuted this case since it was transferred from their preferred venue. Instead, they have refused to engage with Defendant, ignored this Court's orders, and wasted the Court's time. These actions show a lack of interest. Thus, the Court should dismiss this matter without prejudice.

**Recommended** in Fort Myers, Florida on January 8, 2025.

Kyle C. Dudek
United States Magistrate Judge

2

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.